UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>STEVEN NYGREN )<br>) | Criminal Case No. _____<br>18 U.S.C. §§ 1029(a)(2); 1344(2);<br>26 U.S.C. § 7201<br><br>1:16-CR-106-JAW |

## INDICTMENT

The Grand Jury charges:

## COUNTS ONE through SIXTY-THREE

### (Bank Fraud)

*Introduction*

At all times relevant to this Information:

1. The Federal Deposit Insurance Corporation was an agency of the United States, established to protect depositors against substantial loss and thus to instill public confidence in the nation's banks and prevent bank collapse. Camden National Bank and Eastern Bank were financial institutions with deposits insured by the Federal Deposit Insurance Corporation.

2. Brooklin Boat Yard, Inc. was a corporation organized under the laws of the state of Maine, located in Brooklin, Maine, and owned by Individual 1. Individual 2 was another employee of Brooklin Boat Yard.

3. Brooklin Boat Yard maintained business accounts, including a business checking account, at Camden National Bank. Each check on this business account required signatures by two of three authorized Brooklin Boat Yard employees. Individual 1 and Individual 2 were each authorized to sign these checks. At no time was the defendant so authorized.

*The Scheme and Artifice to Defraud*

4. Beginning on about June 20, 2014, and continuing until on about September 2, 2015, in the District of Maine and elsewhere,

**STEVEN NYGREN**

knowingly and intentionally executed a scheme and artifice to obtain moneys, funds, credits, assets, or other property owned by and under the custody and control of Camden National Bank by means of false and fraudulent pretenses, representations, and promises, which scheme and artifice to defraud is described as follows:

5. Defendant **Steven Nygren,** on various occasions between about June 20, 2014 and September 2, 2015, while working at Brooklin Boat Yard and without authorization, drafted no fewer than 63 checks on the Brooklin Boat Yard checking account at Camden National Bank, forging the signature of Individual 1 and Individual 2 on each check. He then deposited the checks, or caused them to be deposited, in an account at Eastern Bank in Massachusetts. Based on these false and fraudulent pretenses, the checks from Brooklin Boat Yard's checking account were honored, causing the funds to be taken from the Brooklin Boat Yard account and deposited in the Eastern Bank account.

6. The Eastern Bank account was controlled by defendant **Nygren**, both through his own actions and through the actions of Individual 3, who was acting on defendant **Nygren's** direction. It was further part of the scheme to defraud that defendant **Nygren** caused the fraudulently obtained funds to be moved to other accounts under his control or otherwise diverted for his use.

7. The checks, as indicated below by check number and amount of draw, were drafted and deposited on about the dates set forth below, in accordance with the above-described scheme:

2

| Count | Date | Check No. | Amount | Deposit Date |
|---|---|---|---|---|
| 1 | 06/20/14 | 47504 | $4,800.00 | 06/23/14 |
| 2 | 06/30/14 | 47548 | $4,800.00 | 06/30/14 |
| 3 | 06/30/14 | 47549 | $4,800.00 | 07/15/14 |
| 4 | 07/03/14 | 47569 | $20,000.00 | 07/03/14 |
| 5 | 07/22/14 | 47644 | $4,800.00 | 07/25/14 |
| 6 | 07/31/14 | 47716 | $19,756.00 | 08/01/14 |
| 7 | 08/14/14 | 47749 | $17,715.00 | 08/15/14 |
| 8 | 08/21/14 | 47800 | $13,111.31 | 08/22/14 |
| 9 | 08/29/14 | 47830 | $9,600.00 | 08/29/14 |
| 10 | 09/19/14 | 47880 | $9,600.00 | 09/19/14 |
| 11 | 09/12/14 | 47915 | $9,600.00 | 09/12/14 |
| 12 | 09/26/14 | 47953 | $12,850.00 | 09/26/14 |
| 13 | 10/03/14 | 47993 | $9,780.00 | 10/03/14 |
| 14 | 10/10/14 | 48028 | $9,870.00 | 10/10/14 |
| 15 | 10/17/14 | 48060 | $9,125.00 | 10/17/14 |
| 16 | 10/22/14 | 48063 | $12,121.00 | 10/24/14 |
| 17 | 10/30/14 | 48107 | $14,111.00 | 10/31/14 |
| 18 | 10/05/14 | 48113 | $14,188.00 | 11/07/14 |
| 19 | 11/13/14 | 48156 | $13,112.00 | 11/14/14 |
| 20 | 11/20/14 | 48204 | $10,000.00 | 11/21/14 |
| 21 | 11/25/14 | 48211 | $9,889.00 | 11/28/14 |
| 22 | 11/26/14 | 48254 | $19,486.00 | 11/28/14 |

| | | | | |
|---|---|---|---|---|
| 23 | 12/04/14 | 48296 | $9,633.00 | 12/08/14 |
| 24 | 12/10/14 | 48309 | $9,633.00 | 12/12/14 |
| 25 | 12/17/14 | 48317 | $9,125.00 | 12/18/14 |
| 26 | 12/22/14 | 48366 | $9,852.00 | 12/23/14 |
| 27 | 01/09/15 | 48466 | $9,636.00 | 01/15/15 |
| 28 | 01/09/15 | 48467 | $9,636.00 | 01/16/15 |
| 29 | 01/22/15 | 48531 | $13,131.14 | 01/23/15 |
| 30 | 01/29/15 | 48533 | $19,363.00 | 02/02/15 |
| 31 | 02/05/15 | 48572 | $12,156.00 | 02/17/15 |
| 32 | 02/06/15 | 48575 | $14,441.00 | 02/10/15 |
| 33 | 02/19/15 | 48641 | $14,996.00 | 02/23/15 |
| 34 | 02/25/15 | 48665 | $13,562.31 | 02/27/15 |
| 35 | 03/05/15 | 48731 | $16,585.22 | 03/06/15 |
| 36 | 03/13/15 | 48745 | $18,569.00 | 03/17/15 |
| 37 | 03/16/15 | 48750 | $14,986.00 | 03/24/15 |
| 38 | 03/13/15 | 48782 | $18,197.00 | 04/01/15 |
| 39 | 04/07/15 | 48794 | $19,194.24 | 04/08/15 |
| 40 | 04/15/15 | 48804 | $9,756.50 | 04/17/15 |
| 41 | 04/21/15 | 48805 | $13,142.25 | 04/23/15 |
| 42 | 04/27/15 | 48906 | $12,996.33 | 04/29/15 |
| 43 | 05/01/15 | 48934 | $9,685.23 | 05/04/15 |
| 44 | 05/01/15 | 48935 | $15,126.55 | 05/04/15 |
| 45 | 05/06/15 | 48950 | $16,985.44 | 05/08/15 |

| 46 | 05/15/15 | 48982 | $9,185.56 | 05/15/15 |
| 47 | 05/15/15 | 48983 | $9,185.56 | 05/15/15 |
| 48 | 05/26/15 | 48999 | $15,689.00 | 05/26/15 |
| 49 | 06/04/15 | 49043 | $7,552.00 | 06/08/15 |
| 50 | 06/04/15 | 49044 | $7,522.00 | 06/05/15 |
| 51 | 06/16/15 | 49087 | $9,365.00 | 06/18/15 |
| 52 | 06/16/15 | 49088 | $9,545.00 | 06/17/15 |
| 53 | 06/01/15 | 49123 | $8,654.23 | 06/26/15 |
| 54 | 05/01/15 | 49124 | $9,652.25 | 06/25/15 |
| 55 | 07/03/15 | 49156 | $9,689.22 | 07/07/15 |
| 56 | 07/06/15 | 49157 | $9,568.55 | 07/10/15 |
| 57 | 07/16/15 | 49231 | $14,526.00 | 07/20/15 |
| 58 | 08/03/15 | 49254 | $6,900.00 | 08/04/15 |
| 59 | 08/03/15 | 49255 | $6,900.00 | 08/04/15 |
| 60 | 08/19/15 | 49335 | $8,796.66 | 08/24/15 |
| 61 | 08/19/15 | 49336 | $9,123.33 | 08/21/15 |
| 62 | 08/31/15 | 49340 | $8,674.67 | 09/02/15 |
| 63 | 08/31/15 | 49341 | $8,125.40 | 09/02/15 |

8. All in violation of Title 18, United States Code, Section 1344(2).

## COUNT SIXTY-FOUR
(Use of an Unauthorized Access Device)

9. From about January 24, 2015, to about September 9, 2015, in the District of Maine and elsewhere, defendant

**STEVEN NYGREN**

knowingly and with the intent to defraud used two unauthorized access devices during a one-year period and obtained things of value aggregating $1,000 or more during that period. The unauthorized access devices were a Capital One Visa credit card and its associated account number ending in 9327, and a Camden National Bank Visa credit card and its associated account number ending in 9626. The use of these access devices affected interstate and foreign commerce.

10. The defendant thus violated Title 18, United States Code, Section 1029(a)(2).

## COUNT SIXTY-FIVE
(Tax Evasion)

11. Beginning about August 8, 2010, and continuing until about January 30, 2016, in the District of Maine and elsewhere, defendant

**STEVEN NYGREN**

willfully attempted to evade and defeat the payment of a large portion of the employment tax due and owing by him to the United States of America for tax years 2005 and 2006, plus penalties and interest, and a large portion of the income tax due and owing by him to the United States of America for calendar years 1996, 1997, 2005, 2006, 2007, 2008, and 2009, plus penalties and interest, by failing to timely pay his federal employment and income tax liabilities for said tax periods, and by committing the following affirmative acts of evasion, among others, that were designed to hide his income and assets from the IRS and obstruct the IRS from collecting the

taxes owed:

    a. Working as an employee of an Augusta, Maine business under a false Social Security number;

    b. Working a subcontractor for the same Augusta, Maine business under the same false Social Security number;

    c. Directing said Augusta, Maine employer to wire his compensation into accounts under his wife's name;

    d. Failing to timely file his federal income tax returns for 2011, 2012 and 2013 even though he had sufficient income to require the filing of said returns;

    e. Directing his employer Brooklin Boat Yard, to treat him as an independent contractor when he was hired as a company employee;

    f. Having his compensation for consulting work and employment at Brooklin Boat Yard made payable to a defunct Massachusetts LLC;

    g. Directing a relative to open an account in the relative's name, "d/b/a" the name of the defunct LLC;

    h. Transporting the payment from Brooklin Boat Yard to Massachusetts for the purpose of depositing or causing the payment to be deposited into an account under a relative's name;

    i. Using the checks from this account and a stamp of his relative's signature to purchase and operate the Brooklin General Store in Brooklin, Maine;

    j. Operating the Brooklin General Store under an LLC set up in his relative's name and with bank accounts in Maine also set up under this same relative's name; and

k. Using these accounts and checks in his relative's name to direct funds from the store to his personal expenses and debts.

12. All in violation of Title 26, United States Code, Section 7201.

Original on file with the Clerk's Office

Date: 10 August 2016

Grand Jury Foreperson

_____
(Assistant) United States Attorney