UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Crim. No. 1:16-cr-00106-JAW |
| | ) | |
| **STEVEN NYGREN** | ) | |

**GOVERNMENT RESPONSE TO DEFENSE MOTION TO
CONTINUE INITIAL APPEARANCE**

The government respectfully objects to the defendant's October 18, 2016 motion to again continue the initial appearance in this matter. The defense motion serves no identified procedural end, and it is at odds with the request made at the last hearing on August 25, 2016. If the defense now believes that the completion of a competency evaluation or evaluations is necessary at this juncture, then it should make the appropriate motion under Title 18, United States Code, Section 4241 without additional delay. In any case, the Court should convene a hearing as scheduled—in less than a week—to properly address the next procedural steps and any procedural disagreements between the parties.

**Legal Standard**

Criminal trials in this Court are governed by the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 1. Those rules are designed to fairly administer criminal matters without "unjustifiable expense and delay." Id., Rule 2. Felony offenses, such as those reflected in the charges in this case, must be presented to the Grand Jury and prosecuted by indictment, unless the defendant waives this constitutionally-granted right. Id., Rules 6, 7. Once a defendant has been indicted, he must be brought before the court, either by arrest or by summons. Id., Rule 9.

At the initial appearance, the felony defendant must be advised of his rights, but may only be asked to enter a plea in accordance with Rule 10.  Id., Rule 5(d).  Pursuant to Rule 10, once a defendant has been given a copy of the indictment and afforded to opportunity to have the indictment read to him, a defendant may enter a plea of guilty, not guilty, or nolo contendere.  Id., Rule 10.  Nonetheless, motions and requests that may be addressed without trial on the merits may be made at any time.  Id., Rule 12.  A motion to determine the mental competency of the defendant may be made at any time after the commencement of a prosecution, and may be made by the defendant, government counsel, or by the Court's own motion.  18 U.S.C. 4241(a).

**Procedural posture of this case**.

In this case, the defendant was sent a target letter on February 9, 2016, resulting the appointment of counsel at public expense.  On or about April 9, 2016, the defendant is reported to have suffered a stroke.  According to a document provided by the defense, on or about April 26, 2016, the defendant was released for outpatient care.  On August 10, 2016, the defendant was indicted by the Grand Jury.  On August 25, 2016, he appeared before this Court for an initial appearance.  At that August 25 hearing, counsel for the defendant stated that he had not had adequate interaction with his client to determine how to proceed in this matter, and asked for a 60-day continuance to gather information to determine if the defense would move for a competence evaluation.  The defense stated that it had already secured expert assistance through an ex parte motion, and expected to gather sufficient evidence well before the expiration of the 60 days.  The government did not object to a continuance for this purpose.

The government does, however, object to further delay for continued evaluations outside of the process set forth in Sections 4241 and 4247.  Under the present circumstances of this

case, there is no basis to believe that additional time is required for the defense to decide how to proceed.   Indeed, the defense argument relies on the presupposition that the completion of a competency evaluation is required before the case moves forward.   If so, the parties should meet as scheduled, the defense should make the appropriate motion, and if the request is granted the evaluation should proceed pursuant to the statute.   The government sees no need for "the parties to determine an appropriate course of action" on their own when the process for doing so is set forth clearly in Title 18.   Delay to complete an invalid evaluation before commencing a valid one might be fairly described as "unjustifiable expense and delay," and should thus be eschewed by the Court.   The government instead asks the Court simply to apply the procedures designated by rule and law, or, absent any motion pursuant to Section 4241, to proceed with the case under the applicable rules of criminal procedure.

Dated: October 19, 2016          Respectfully submitted,

THOMAS E. DELAHANTY II
UNITED STATES ATTORNEY

/s/Chris Ruge
Assistant United States Attorney
U.S. Attorney's Office
202 Harlow Street, Room 111
Bangor, ME   04401
(207) 945-0373
chris.ruge@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2016, I electronically filed the document(s) with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Roger Brunelle, Esq.

THOMAS E. DELAHANTY II
United States Attorney

/s/ Chris Ruge
Assistant United States Attorney
United States Attorney's Office
202 Harlow Street, Suite 111
Bangor, ME 04401
(207) 945-0373
chris.ruge@usdoj.gov