UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 2:16-CR-106 |
| ) | |
| STEVEN NYGREN ) | |

**MOTION TO DETERMINE COMPETENCY AND
EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

NOW COMES counsel for the Defendant, Steven Nygren pursuant to 18 U.S.C. §4241(a) and (b) and requests a hearing to determine the defendant's competency and for an order directing a competency evaluation of the Defendant. Defense counsel further moves that the court exclude from calculations under the Speedy Trial Act, 18 U.S.C. §3161(h)(1)(A), the time that elapses from the filing of this motion through the result of such competency determination, evaluation, and hearing. In support of this motion, Defense counsel states the following:

**Basic Facts**

The Defendant is charged in a sixty-five (65) count Indictment with Bank Fraud, in violation of 18 U.S.C. §1344, Use of Unauthorized Access Device, in violation of 18 U.S.C. §1029, and, Attempt to Evade Tax, in violation of 18 U.S.C. §3559, respectively. The Defendant pleaded not-guilty to all counts at Arraignment on October 24, 2016. The Defendant is not in confinement, and continues to be released pursuant to conditions of release and unsecured bond established at the initial appearance in August, 2016.

1

The Defendant suffered a stroke on or about April 9, 2016. The effects of such were catastrophic. In July, 2016, the Defendant's primary treating neurologist, Dr. Alvin Das, MD, opined that the Defendant experienced significant cognitive impairment as a result of the stroke.[1] Dr. Das stated that the Defendant was unfit to participate in any trial because the Defendant experienced "profound" cognitive deficits. In order to address the impact of cognitive impairment on this case this Court continued the Arraignment for sixty (60) days on August 25, 2016.

During the sixty (60) day continuance it was expected that the Defense would obtain the voluminous medical records relating to the Defendant, and provide such to an expert witness, who would conduct a competency evaluation. It was anticipated that if the expert witness identified competency issues the Defense would produce a report of the findings to the Government. The Government would, in turn, determine what impact, if any, the findings had on the case. There would be a number of options available to the parties in the event an expert witness determined the Defendant incompetent.

The Defense counsel complied with the Court's directive. The Defense obtained the hundreds of pages of medical records, and produced such to an expert witness, Dr. Peter Donnelly, Psy.D., who conducted a competency evaluation. The evaluation was somewhat delayed because a complete neuro psych evaluation of the Defendant was completed the first week of the September, 2016. A report of the evaluation was not completed for several weeks following the evaluation. The neuro psych report was obtained and provided to the Defense expert witness conducting the competency evaluation on October 14, 2016. The findings contained within the neuro psych report were essential to the competency evaluation process.

On October 14, 2016 the Defense expert witness completed the second phase of the

---

[1] Please see attached letter from Dr. Alvin Das, MD.

evaluation process. Dr. Donnelly generated the competency evaluation report on October 15, 2016, and provided such to the Defense on October 20, 2016. Dr. Donnelly concluded that the Defendant was not competent to assist properly in his defense.[2] At Arraignment on October 24, 2016, the Court directed Defense counsel to file a motion for a competency hearing because of the findings made by Dr. Donnelly.

**Law/Argument**

There is an independent obligation upon the defense, prosecution, and the court to inquire into a defendant's mental competence if a good faith basis to question competency exists at any point during the trial. See 18 U.S.C. §4241 (a) (obligation to raise issue "if there is reasonable cause to believe" that the defendant might not be competent); see also *Pate v. Robinson*, 383 U.S. 375, 385 (1966). Thus, if a bona fide doubt regarding a defendant's mental competence is raised, the trial court must hold a competency hearing, which begins with an evaluation of the defendant's mental competence performed by a court-appointed mental health professional. *Pate*, 383 U.S. at 385.

The test for competence is set forth in 18 U.S.C. § 4241 (a):

    1. Is the defendant able to understand the nature and consequences of the proceedings against him?

    2. Is the defendant able to assist properly in his defense?

In interpreting these two requirements, the Supreme Court has stated that the "test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rationale understanding, and whether he has a rationale as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402 (1960).

---

[2] Attached hereto is Dr. Donnelly's competency evaluation report.

Based upon the findings made by defense expert Dr. Donnelly, it is clear that a bona fide doubt regarding a defendant's mental competence has been raised by the Defense. The next step is for the Court to order a competency evaluation. In doing so, the Court has two options. It may order that the competency evaluation be done locally (i.e., in or near the city in which the Court sits) and appoint one or more local mental health professionals to conduct a mental health competency evaluation. 18 U.S.C. §4241(b), 4247(b). Alternatively, the Court may order that the Defendant be placed in the custody of the Attorney General and be transferred to one of the Bureau of Prisons' Federal Medical Centers ("FMC") for the competency evaluation. See *i.d.*

In this case there is no reason to place the Defendant into the custody of the B.O.P. in order to conduct the competency evaluation. At every stage of the pre-trial phase of this case the Defendant has not been placed into confinement. The Defendant has been released on unsecured bond and conditions of release. There is no reason to believe the Defendant should be placed into custody of the B.O.P. merely because his competency has been called into question, and evaluation is required.

In addition, the Defendant's current mental health and medical conditions are delicate. The Defendant is adhering to an aggressive treatment regime, and continues to engage in treatment with numerous providers multiple times a week. The Defendant's stability is also maintained by the support provided by his family, with whom he lives. If he is placed into custody of the B.O.P. the Defendant's medical treatment will be unnecessarily interrupted. The stability and balance achieved through the medical treatment regime and support of his family will be placed into jeopardy. The Defendant has already demonstrated that he can be evaluated locally by Dr. Donnelly, without being placed into custody of the B.O.P. There is no need to

place him into a confinement facility now, and no reason the competency evaluation cannot be conducted locally.

Following the submission of the court-ordered mental health evaluation, the Court must conduct a competency hearing. 18 U.S.C. §4241(c), (e) & 4247(d); see also *Bishop v. United States*, 350 U.S. 961(1956). At its conclusion, the Court must find, by a preponderance of the evidence, that the Defendant is mentally competent. 18 U.S.C. §4241(d). If the Court cannot do so, then the prosecution against the Defendant cannot proceed unless the Defendant is restored to competency. *Drope v. Missouri*, 420 U.S. 162, 171 (1975); 18 U.S.C. §4241(e).

The Defendant is aware of his rights under the Speedy Trial Act, 18 U.S.C. §3161 and Defendant waives those time limits and asks that the court exclude from the speedy trial calculations the entire time period of the competency evaluation process.[3]

WHEREFORE, counsel for the defense moves the court to enter an order for a hearing to determine the Defendant's competency and for an order directing a competency evaluation of the Defendant, directing the Defendant to submit to such an evaluation and excluding the resulting delay from calculations under the Speedy Trial Act.

## REQUEST FOR HEARING

In the event this Court finds that no bona fide doubt exists regarding the Defendant's competency, or there may be a basis to place the Defendant into the custody of the Bureau of Prisons for the purposes of conducting the competency evaluation, the Defense requests a hearing in order to present testimonial evidence from the Defendant's treatment providers and family members in order to demonstrate that doubt exists regarding the Defendant's competency,

---

[3] Subject to procedural requirements in the event the Defendant is placed into B.O.P. custody for the purposes of conducting the competency evaluation. See 18 U.S.C. §4247.

and/or contest such the Court's mandate that the Defendant be placed into custody for the evaluation.

Dated at Portland, Maine this 7$^h$ day of November, 2016.

                                          Respectfully submitted,

                                        /s/ Roger F. Brunelle Jr.
                                        Roger F. Brunelle Jr., Esq.
                                        One Monument Way, 2nd Floor
                                        Portland, ME 04101
                                        207-699-4357
                                        Roger@rbrunellelaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CERTIFICATE OF SERVICE

      I hereby certify that on November 7, 2016, I electronically filed Defendant's Motion to Determine Competency, with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Chris Ruge, Esq.
Assistant U.S. Attorney
U.S. Department of Justice
Unites States Attorney's Office
Margaret Chase Smith Federal Building
202 Harlow St., Room 111
Bangor, Maine 04401
(Attorney for United States of America)


Dated at Portland, Maine this 7th day of November, 2016.

                Respectfully submitted,

                /s/ Roger F. Brunelle Jr.
                Roger F. Brunelle Jr., Esq.
                One Monument Way, 2nd Floor
                Portland, ME 04101
                207-699-4357
                Roger@rbrunellelaw.com