UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:16-cr-00106-JAW |
| | ) | |
| STEVEN NYGREN | ) | |

# ORDER ON ADDENDUM TO SECOND MOTION FOR COMPASSIONATE RELEASE

On May 13, 2021, the Court dismissed Steven Nygren's second motion for compassionate release, concluding that he failed to carry his burden of proving extraordinary and compelling reasons warranting release, and that the seriousness of his offense, the relatively short time he had served, and the need for the sentence served to fulfill the sentence imposed continued to preclude his release. *Order on Second Mot. for Compassionate Release* at 1 (ECF No. 166). On May 18, 2021, the Clerk docketed a handwritten letter, referred to as an "addendum" by Mr. Nygren, attaching a form entitled "Institutional Referral for CCC Placement" and dated April 29, 2021. *Addendum to Nygren's Second Mot. for Compassionate Release* (ECF No. 167) (*Def.'s Addendum*). Mr. Nygren clearly wanted the Court to consider the Addendum as part of its review of his second motion for compassionate release, but the Court did not receive the Addendum until five days after it dismissed his motion.

In fairness to Mr. Nygren, the Court considers the Addendum under the prisoner mailbox rule. *Morales-Rivera v. United States*, 184 F.3d 109, 109-10 (1st Cir. 1999); *see MacArthur v. United States*, Nos. 1:12-cr-00084-JAW; 1:17-cv-00383-JAW, 2021 U.S. Dist. LEXIS 38781, at *14-17 (D. Me. Mar. 2, 2021) (considering a

motion timely under the prisoner mailbox rule). While the Clerk docketed the Addendum on May 18, 2021, Mr. Nygren's Addendum is postmarked May 13, 2021. Accordingly, the Court accepts May 13, 2021 as the date Mr. Nygren filed his Addendum and will now consider it as part of his second motion for compassionate release. *Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *Morales-Rivera*, 184 F.3d at 110 ("[I]n certain cases *pro se* prisoners' pleadings are deemed filed when submitted to prison authorities for mailing to the district court").

Consideration of the Addendum, however, does not change the Court's determination that Mr. Nygren has failed to carry his burden of showing entitlement to compassionate release. Notably, Mr. Nygren submitted an "Institutional Referral for CCC Placement" form dated October 23, 2020 as part of his second motion for compassionate release. *See Pet'r Steven Nygren's Subsequent Emergency Mot. for Compassionate Release and Mot. for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)*, Attach. 1, *Institutional Referral for CCC Placement* (ECF No. 137). The Court concluded that the "Institutional Referral for CCC Placement does not change the Court's firm convictions regarding Mr. Nygren's danger to the community or consideration of the § 3553(a) factors" for two reasons. *Order on Second Mot. for Compassionate Release* at 20. First, "even though FMC Devens recommended Mr. Nygren for home confinement, the request was ultimately denied by the BOP's Correctional Programs Division." *Id.* Second, "FMC Devens' recommendation is not a substitute for this Court's determination." *Id.* In particular, the Court noted

Mr. Nygren's "horrendous record" of defrauding others and his "purely selfish" motives. *Id.* at 20-21.

The newly submitted Institutional Referral for CCC Placement form dated April 29, 2021 is nearly identical to the previously submitted form dated October 23, 2020. For largely the same reasons that the Court discussed in its May 13, 2021 order, the Court continues to believe Mr. Nygren poses a danger to the community and the 18 U.S.C. § 3553(a) factors weigh against release. Moreover, Mr. Nygren's Addendum does not change the Court's conclusion that he failed to show extraordinary and compelling reasons warranting release.

The Court DISMISSES without prejudice Steven Nygren's Subsequent Emergency Motion for Compassionate Release and Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 137) and Emergency Motion for Modification of Sentence/Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) in Light of the Imminent Threat of Contracting the COVID-19 Virus and Potential of Death at Higher than Normal Chance Due to Pre-Existing Health Conditions of the Petitioner (ECF No. 145) as amended by the Petitioner's Addendum (ECF No. 167).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 19th day of May, 2021