UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| STEVEN NYGREN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:16-cr-00106-JAW |
| | ) | 1:20-cv-00445-JAW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

## ORDER ON GOVERNMENT'S MOTION FOR ORDER
## AUTHORIZING DISCLOSURE OF CONFIDENTIAL COMMUNICATIONS

Petitioner has moved pursuant to section 2255 to vacate, set aside or correct his sentence. (Section 2255 Motion, ECF No. 133.) The matter is before the Court on the Government's motion for a Court order authorizing disclosure of confidential communications. (Motion, ECF No. 161.)

The Court granted the Government's prior motion for an order authorizing disclosure of confidential communications between Petitioner and defense counsel concerning the issues Petitioner raised in his ineffective assistance claim. (Order, ECF No. 155.) Through this motion, the Government asks the Court to authorize Peter Donnelly, Psy.D., to disclose to the Government information related to Petitioner's ineffective assistance of counsel claim. The Government seeks communications between defense counsel and Dr. Donnelly, between Dr. Donnelly and Petitioner, and between Dr. Donnelly

and officials from whom he received records regarding a psychological evaluation of Petitioner conducted by Miriam Kissin, Psy.D.[1]  (Motion at 1–2; Reply at 1, ECF No. 169.)

Rule 6 of the Rules Governing Section 2255 Proceedings governs discovery in this matter.[2]  Rule 6(a) requires leave of Court for discovery in a section 2255 action, and the party seeking discovery must establish good cause for the requested discovery.

The Government's request potentially implicates privileges that protect certain communications.  The Supreme Court has recognized a privilege protecting "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment. . . ."  *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996).  In this case, however, because the relevant communications occurred among psychotherapists, attorneys, and a defendant for purposes of an evaluation of Petitioner's competence to stand trial and not for purposes of treatment, the psychotherapist-patient privilege is arguably

---

[1] There was some dispute about whether the Government seeks the underlying test data from Dr. Kissin's evaluation of Petitioner.  (Response at 3-4, ECF No. 163.)  The Government clarified in its requested relief and in its reply that it only seeks to discover the circumstances of the receipt of the information from Dr. Kissin by the members of the defense team; it does not seek the underlying test data.  (Motion at 5, Reply at 1.)  Petitioner no longer disputes that Dr. Donnelly received the underlying data from Dr. Kissin during his prior criminal proceeding, but Petitioner objects to the remainder of the Government's motion.  (Sur-reply at 2–3, ECF No. 170.)

[2] Rule 6 of the Rules Governing Section 2255 Proceedings states in pertinent part:

(a) **Leave of Court Required.**  A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law.  If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.

(b) **Requesting Discovery.**  A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

inapplicable.  *See Armijo v. Pacheco*, No. CV 14-610 RB/WPL, 2015 WL 13665409, at *2 (D.N.M. Mar. 30, 2015).

The work product doctrine, codified within Rule 26, protects from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)," unless the materials are otherwise discoverable and the party seeking production "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."  Fed. R. Civ. P. 26(b)(3)(A), *see also*, *United States v. Nobles*, 422 U.S. 225, 237–39 (1975).  Even if a court orders the documents or tangible things to be produced, "it must protect against the disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation."  Fed. R. Civ. P. 26(b)(3)(B).

The work and communications of expert witnesses, however, are not categorically covered by the work product privilege.  *See* Fed. R. Civ. P. 26(b)(4); *In re Application of Republic of Ecuador v. Douglas*, 153 F. Supp. 3d 484, 490 (D. Mass. 2015).  For expert witnesses expected to give testimony to the factfinder, draft reports are protected from disclosure, Fed. R. Civ. P. 26(b)(4)(B), as are communications between the attorney and the expert, with the exceptions of communications related to compensation and the facts and assumptions underlying expert opinions.  Fed. R. Civ. P. 26(b)(4)(C).  Facts and opinions of expert witnesses who are not expected to give testimony to the factfinder are ordinarily not discoverable.  Fed. R. Civ. P. 26(b)(4)(D).  Because the communications

3

between Petitioner and Dr. Donnelly and between Dr. Donnelly and Dr. Kissin were not "communications between the party's attorney and any [expert] witness," the only communications that are arguably covered by the work product doctrine are those between Dr. Donnelly and defense counsel.

Even if both privileges or one privilege applies, a party can expressly waive a privilege or can do so by implication through their own conduct. *In re Keeper of Recs. (Grand Jury Subpoena Addressed to XYZ Corp.)*, 348 F.3d 16, 22 (1st Cir. 2003). Just as a postconviction petitioner alleging ineffective assistance of counsel generally waives, to a limited extent, the attorney-client privilege by voluntary placing her or his attorney's decisions at issue, the protections of the work product doctrine and the psychotherapist-patient privilege can also be waived or forfeited in similar ways. *See United States v. Stone*, 824 F. Supp. 2d 176, 186 (D. Me. 2011) (discussing implied waiver of attorney-client privilege through ineffective assistance claims); *Bittaker v. Woodford*, 331 F.3d 715, 722 n.6 (9th Cir. 2003) (habeas petitioners' implied waiver of attorney-client privilege "applies equally to the work product privilege, a complementary rule that protects many of the same interests"); *Stark v. Hartt Transp. Sys.*, Inc., No. 2:12-CV-195-NT, 2013 WL 358266, at *7, *9–10 (D. Me. Jan. 28, 2013) (discussing waiver and forfeiture of psychotherapist-patient privilege).

Where a petitioner has alleged an ineffective assistance claim based on an attorney's handling of issues addressed by an expert witness, as Petitioner presents here, other courts have allowed the Government to discover relevant documents and communications from the expert witness in order to ascertain the reasonableness of counsel's decisions. For

4

example, in *Mason v. Mitchell*, 293 F. Supp. 2d 819 (N.D. Ohio 2003), a habeas petitioner sought to prevent the deposition testimony of an expert who had performed a psychiatric examination of the petitioner during the underlying trial proceedings. *Id.* at 825. The court concluded that by raising an ineffective assistance claim based on his attorney's reliance on that expert psychiatric investigation, the petitioner "implicitly waived the work product privilege regarding [the evaluator's] investigation into the Petitioner's background and psychiatric conclusions about his condition." *Id.* The scope of the implied waiver, however, did not extend to any inculpatory statements the petitioner might have made to the psychiatric evaluator. *Id.*

The court's balancing of the various interests in *Mason* is consistent with the First Circuit's guidance. *See In re Keeper of Recs*, 348 F.3d at 23 (evaluation of implied waivers of privilege "demands a fastidious sifting of the facts and a careful weighing of the circumstances"). Here, because the information requested is relevant to the ineffective assistance claim, because little, if any, of the information the Government seeks appears to be privileged, and because Petitioner impliedly waived the relevant privileges to the extent they apply, Petitioner has demonstrated good cause for the requested information.

Rule 6(b) requires the party seeking discovery to "include any proposed interrogatories and requests for admission, and . . . specify any requested documents." In this case, the Government asks the Court to authorize Dr. Donnelly to produce certain documents and to confer with the Government. The Court is convinced that the Government's requests are reasonable and can be executed in a way that respects the

limited waiver of the work product doctrine and the psychotherapist-patient privilege. Accordingly, the Court grants the Government's motion (ECF No. 161), and orders:

1. Dr. Donnelly shall produce all documents provided to and that reflect his communications with Petitioner's counsel, except that Dr. Donnelly shall not produce to the Government the data generated as the result of any psychological tests performed on Petitioner. The Government shall prepare and maintain a log of the documents that it receives from Dr. Donnelly.

2. Dr. Donnelly is authorized to confer with counsel for the Government regarding his communications with and the information he provided to Petitioner's counsel.

3. The Government shall not disclose or otherwise use the information obtained except as is necessary to respond to Petitioner's ineffective assistance claims.

4. The Government shall provide a copy of this order to Dr. Donnelly.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72 and Federal Rule of Criminal Procedure 59.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 10th day of June, 2021.